**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-00098** |
| | ) | **Judge Sharp** |
| **RICKY THOMAS JOHNSON** | ) | |

**ORDER**

Pending before the Court is Defendant Ricky Thomas Johnson's "Motion for Correction and Clarification of Sentence" (Docket No. 35) to which the Government has responded in opposition (Docket No. 40). Defendant's Motion will be denied.

On August 23, 2012, Defendant, who was then a state prisoner, appeared in this Court to answer an Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924. Two months later, on October 23, 2012, Defendant pled guilty to the charge without the benefit of a plea agreement. Subsequently, the Probation Officer prepared a presentence report which calculated the advisory guideline range to be 70 to 87 months imprisonment, based upon a total adjusted offense level of 21 and a criminal history category of V. No objection were made to the guideline calculations, although the Defendant filed a Motion for Downward Departure to account for some of the time he was incarcerated due to pending state charges and a probation violation.

On March 22, 2013, Defendant was sentenced to a term of 70 months imprisonment which was the low end of the advisory guideline range, followed by 3 years of supervised release. The return of the Judgment in a Criminal Case indicates that Defendant was taken into federal custody on June 6, 2013. He is presently incarcerated at the United States Penitentiary McCreary in Pine

Knot, Kentucky.

Defendant styles his motion as one for correction or clarification of sentence, but the Court

finds nothing to clarify or correct. In the Judgment, the Court made the following recommendation:

> The Court recommends the Bureau of Prisons designate the Corrections Corporation
> of America prison facility (Nashville) within the Tennessee Department of
> Corrections where Defendant is currently serving his state sentence in Case No.
> 2008-B-875 as the facility where Defendant will begin his federal sentence. When
> Defendant completes his state sentence, he shall then be transferred to a federal
> prison facility designated by the Bureau of Prisons to serve the remainder of his
> 70-month federal sentence. It is the Court's intent that the sentence of 70 months
> imposed herein shall run concurrently with the state sentence which the Defendant
> is now serving in the Tennessee state prison system.

(Docket No. 33at 2). The Court's stated intention was clear, the 70 month sentence was meant to

run concurrently with the state sentence Defendant was then serving.

In his Motion, "Defendant contends that he was not given full time credit by the Bureau of

Prisons as directed by the Judgment of this Court." (Docket No. 35 at 2). Specifically, he asserts

that the Bureau of Prisons ("BOP") failed to credit his period of imprisonment from August 23,

2012, until April 28, 2013, or roughly 260 days, towards his federal sentence. In response, the

Government argues that the Court is without jurisdiction over the pending Motion and, in any event,

Defendant has been credited with all the time to which he is due. Because the Court agrees with the

Government's first assertion, it does not reach the second.

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and

recharacterize the motion" for a number of reasons, including "to create a better correspondence

between the substance of a *pro se* motion's claim and its underlying legal basis." Castro v. United

States, 540 U.S. 375, 381-82 (2003). Defendant's Motion for Correction or Clarification is not the

proper vehicle nor is this the appropriate forum for the relief that he seeks. This is because

Defendant is not claiming that his sentence was unlawful or contrary to his plea agreement. His claim is an attack on how his sentence is being carried out and governed by 28 U.S.C. § 2241.

"A petition under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian is the proper remedy for a prisoner requesting relief from the execution of a federal sentence." McCain v. Webb, 62 F. App'x 596, 598 (6th Cir. 2003); see also Doan v. Lamanna, 27 F. App'x 297, 298-99 (6th Cir. 2001) ("If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition in the district court having jurisdiction over the petitioner's custodian"); United States v. Melbert, 410 F. App'x 750, 752 (5th Cir. 2010) ("Insofar as [defendant] is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241"). In other words, a petition under Section 2241 filed in the district in which defendant is being held is the method used to challenge the computation of sentence credits by the BOP. Hernandez v. Lamanna, 16 F. App'x 317, 320 (6th Cir. 2001); see also United States v. Allen, 124 F. App'x 719, 721 (3rd Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated, and naming the warden of the federal facility as a respondent"). Further, "[a]lthough a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." United States v. Dowell, 16 F. App'x 415, 420 (6th Cir. 2001); see also United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.").

Here, Defendant does not allege or even suggest that he has exhausted any administrative remedies that may be available. More fundamentally, Defendant is not incarcerated in this district but is instead incarcerated at U.S.P. McCreary which is in the Eastern District of Kentucky. Accordingly, Defendant's "Motion for Correction and Clarification of Sentence" (Docket No. 35), construed as a petition under 28 U.S.C. § 2241, is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

.